IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CAMILA GASKEY,                                    Civ. No. 6:25-cv-00399-AA

                    Plaintiff,                    **OPINION & ORDER**

        vs.

HON. JUDGE LISA WASHINGTON,

                    Defendant.

_____

AIKEN, District Judge:

Self-represented Plaintiff Camila Gaskey seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained, Plaintiff's IFP Petition, ECF No. 1, is DENIED, Plaintiff's Complaint, ECF No. 2, is DISMISSED with prejudice, and Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency.  Here, Plaintiff has not made a sufficient showing because even though she stated that she was employed, she failed to disclose the name of her employer and the wage she receives.

Plaintiff brings claims under 42 U.S.C. § 1983 against Hon. Judge Lisa Washington, of the Superior Court of the State of California, County of Los Angeles, "for violations of Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments[.]"

Plaintiff alleges that Judge Washington violated Plaintiff's First Amendment rights by issuing a restraining order to prevent Plaintiff from protesting outside the courthouse.  Plaintiff alleges that Judge Washington violated her Fourteenth Amendment due process rights by denying Plaintiff custody of her child, issuing a temporary restraining order against her, making other rulings that "deprived Plaintiff of fundamental parental rights[,]" and awarding attorneys' fees to opposing counsel.  Finally, Plaintiff alleges that Judge Washington violated Plaintiff's rights under the Equal Protection Clause by treating Plaintiff "unfairly compared to the opposing party" and "[i]mposing financial sanctions disproportionately."  Plaintiff does not allege any violation of her Fifth Amendment rights.

This action is brought against a state court judge. "Judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief sought as a result of judicial acts performed in their judicial capacity." *Rote v. Comm. on Judicial Conduct and Disability*, 577 F. Supp.3d 1106, 1126 (D. Or. 2021). Judicial immunity is an immunity from suit, not just the award of damages and it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). To qualify for judicial immunity, a judge must have performed judicial acts within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *Rote*, 577 F. Supp.3d at 1126 (internal quotation marks and citation omitted). Judges have "absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

Judicial rulings, including restraining orders, are acts taken in the course of a judge's official duties. Here, Judge Washington was acting in the course of her official duties when she issued the restraining orders including the order that prohibited Plaintiff from protesting outside the courthouse, made child custody rulings including awarding full custody to the child's father, awarded attorney's fees to opposing counsel, dismissed Plaintiff's contempt motions against Plaintiff's child's father, transferred Plaintiff's case to another court, and when she made the other rulings

that Plaintiff now challenges. Because all of Plaintiff's claims arise from acts that Judge Washington took in the course of her official duties, Judge Washington is entitled to absolute judicial immunity from suit. Because no amendment would remedy the defects in the Complaint, dismissal is with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED as MOOT.

When a party disagrees with a judge's ruling, the proper remedy is to appeal that ruling. Because the judgments against Plaintiff were issued by the Superior Court of the State of California, Plaintiff can appeal to a California state appeals court. Plaintiff cannot appeal to a federal court. Federal courts do not oversee or hear appeals from state courts. *See Marlow v. Hotchkiss*, 700 Fed. Appx. 695 (Mem) (9th Cir. 2017) (affirming district court's dismissal of self-represented Plaintiffs' claims because, under the *Rooker-Feldman* doctrine, federal courts are forbidden from hearing a 'de facto appeal' from a prior state court judgment).

## CONCLUSION

For the above reason, Plaintiff's IFP petition, ECF No. 1, is DENIED; and the Complaint, ECF No. 2, is DISMISSED with prejudice. Motion for Appointment of Counsel, ECF No. 3, is DENIED as MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 3rd  day of April 2025.


/s/Ann Aiken
ANN AIKEN
United States District Judge